UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN TIRE CO., LLC,

        Plaintiff,

v.

ALEC "A.J." GONZALES,

        Defendant.

Case No. 25-cv-10701-SDK-APP

Hon. Shalina D. Kumar

Magistrate Judge Anthony P. Patti

---

**Plaintiff Conlan Tire's Request for Attorneys' Fees and Costs
for Initial Court-Ordered Spoliation Sanctions**

Plaintiff Conlan Tire Co., LLC respectfully submits this request for attorneys' fees and costs in the amount of $52,527.76 pursuant to the Court's Order dated August 11, 2025 (ECF No. 38), which awarded Conlan "all reasonable fees and costs (including attorneys' fees) incurred in litigating the existence of Gonzales' emails to be paid by Gonzales." (*Id.* at PageID.803.)

## Background

After extensive analysis of Defendant's misconduct, the Court found that Defendant's AI research into Yahoo's email deletion protocols "provides compelling evidence of intentional deprivation of information under Rule 37(e)." (*Id.* at PageID.802.) The Court specifically rejected Defendant's "contrived, implausible, and deceptive arguments" and noted that his changing testimony about signing the Agreement soon after learning about permanent email deletion "strains credulity." (*Id.*)

The sanctions awarded by the Court are directly tied to Conlan's efforts in "litigating the existence of Gonzales' emails," *Id.* at PageID.803, and fall into four distinct categories, each of which is encompassed by the Court's award:

**Part I – Obtaining Access:** This category addresses the fees incurred compelling Defendant to produce emails he deliberately concealed from discovery and then deleted. Defendant flatly refused to produce emails from his Yahoo account on his own accord and, to this date, has completely ignored Conlan's narrowed discovery requests mostly seeking those emails or evidence of those emails. It was Defendant's counsel that first proposed mutual ESI searches, after which Conlan spearheaded

— 1 —

comprehensive protocols covering (1) forensic review of relevant email accounts, (2) a subpoena to Yahoo, and (3) forensic device examination. Defendant then derailed Conlan's protocols with baseless objections, refusing to cooperate or negotiate revisions and subverting all progress in discovery.

Conlan was forced to seek court intervention. (ECF No. 23.) At the first conference, the Court validated Conlan's narrow discovery protocols and directed the parties to complete the electronic discovery. Although Defendant pledged cooperation, he stonewalled for another month, compelling a second conference. (ECF No. 29, PageID.366-369.) At the second conference, the Court directed Defendant to the jury room to negotiate the ESI protocols Conlan had pursued for two months. The costs in this category became necessary only because Defendant systematically sabotaged discovery of emails we now know he deleted, forcing Conlan into protracted battles over two months to extract basic cooperation in what should have been routine document production. (ECF No. 36-3, Timeline of Defendant's Discovery Violations.)

**Part II – Forensic Costs:** This section encompasses the forensic inspection costs that were essential to establishing that emails had been deleted, including the ESI vendor fees, subpoena costs, and attorney time spent analyzing the forensic results that revealed Defendant's ChatGPT research into email deletion protocols.

**Part III – Spoliation Motion:** This category covers the costs of the spoliation motion itself, which was necessitated by Defendant's intentional destruction of evidence and became the vehicle through which the Court determined that emails had

been deliberately deleted to avoid discovery.

**Part IV – Ongoing Costs:** This category encompasses the continuing costs incurred after the Court's August 11, 2025 Order in pursuing the emails that Defendant deliberately destroyed. The Court held in abeyance Conlan Tire's request for additional sanctions, including an adverse inference regarding the content of the deleted emails and further fees for litigating signature authenticity, because it remained "[un]convinced that the lost information cannot be 'replaced through additional discovery.'" (ECF No. 38, PageID.803, citing Fed. R. Civ. P. 37(e).) The Court then directed the parties to conduct limited discovery to locate the emails Defendant intentionally deleted, which included requiring Defendant to produce his iCloud accounts associated with his 2022 device and current phone, plus any other device he possessed in 2022. (*Id.* at PageID.804.) Rather than doing all he can to search for the emails he deleted, Defendant has extended his pattern of resisting proper discovery and thwarting meaningful progress toward the Court's objective. The extraordinary attorney time documented below by just three examples of Defendant's continued obstruction tactics reflects ongoing efforts to overcome this obstruction and compel compliance with the Court's directives:

*First*, Defendant refuses to produce his current phone. The Court ordered Defendant to produce "the iCloud account associated with the cellphone he currently uses." (ECF No. 38, PageID.804.) Defendant, however, maintains that he has no iCloud backup for his 2022 device or his current phone. If true, the logical next step would be

— 3 —

to examine Defendant's current phone itself—the functional equivalent of the iCloud backup the Court ordered. Accordingly, Conlan's counsel has tried for more than a month to have Defendant submit his phone for the same search performed on his other devices, yet Defendant refuses. (Ex. 2, August 14 Emails; Ex. 3, August 29 Emails.)

*Second*, Defendant claims he had "no other devices" in July 2022 and has "no other iCloud accounts," yet refuses to allow simple verification of these claims. (*Id.*) Conlan requested permission for N1D to analyze the data already in its possession to verify the devices and iCloud accounts associated with Defendant's laptop and the one iCloud account produced—a simple review since N1D would merely need to conduct quick analysis of the data it has and report back to the parties. Defendant refuses to allow this basic verification. (*Id.*)

*Third,* Defendant has weaponized his chance to pursue limited discovery from Conlan to locate the emails he deleted—and potentially mitigate further sanctions—by instead advancing an entirely different agenda. The Court's Order gave Defendant the opportunity, at his expense, to inspect ESI related to the emails between Defendant and Conlan and/or its HR provider from July 1, 2022 through August 31, 2022. (ECF No. 38, PageID.805.) Despite knowing the Court is holding further sanctions against him in abeyance pending the outcome of this limited discovery, Defendant has not even tried to find the July 2022 emails he destroyed. He instead appears to be demanding wholesale access to Conlan's 2025 systems to pursue his conspiracy theory that

someone at Conlan forged his signature in the lead up to this lawsuit.[1] (Ex. 2; Ex. 3.) Although Defendant has refused repeated requests to provide a concrete ESI search proposal, he has bombarded Conlan Tire's counsel with emails demanding information about current systems and threatening unspecified motions. (*Id.*) Defendant thus has transformed what should be a limited, targeted search for deleted emails into a harassing, meritless demand to conduct a wild goose chase for a non-existent forger.

The extensive email correspondence required to address these three forms of continued obstruction demonstrates that Defendant's chaotic conduct did not end with the deletion of emails and finding of spoliation, but continues through his persistent resistance to the Court's discovery directives. These ongoing efforts to combat Defendant's obstruction fall squarely within the Court's award of fees for "litigating the existence of Gonzales' emails." (ECF No. 38, PageID.803.)

## Itemization of Costs and Fees

Conlan Tire has incurred $52,527.76 in costs and attorneys' fees that would not have been incurred but for Conlan's efforts to litigate the existence of the deleted emails

---

[1] The Court's finding of spoliation undermines Defendant's fabricated forgery theory. As the Court found, after learning Conlan would access his Yahoo account, Defendant researched email deletion on ChatGPT, confirmed emails become unrecoverable within seven days, and deleted at least the email containing the Non-Solicit Agreement—the very document he testified he read, which necessarily came from Michigan to him via email. (ECF No. 38, PageID.799-803.) It is not a stretch to conclude Defendant destroyed this evidence because it would have proven Conlan's case and exposed his forgery defense as fraudulent. After all, if Defendant thought his sham defense had any merit, he wouldn't have deleted the very email that could have vindicated him.

and Defendant's spoliation conduct, broken down as follows:

**Part I – Efforts to Obtain Defendant's Consent for Email Searches: $15,731.50**

This portion includes Conlan's extensive efforts in strategizing (including with ESI vendors) about the best approach to obtain the deleted emails, preparing and revising ESI protocols and subpoenas, and requiring three court appearances to obtain Defendant's consent to search for the emails, consisting exclusively of attorneys' fees:[2]

| Date | Attorney | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 4/28/2025 | RDB | Confer with opposing counsel about alleged emails and ESI discovery | 0.5 | $350 | $175.00 |
| 4/29/2025 | RDB | Following Court hearing, strategize re: ESI discovery needs and outline ESI protocols | 0.5 | $350 | $175.00 |
| 4/30/2025 | EJP | Work on discovery plan aimed at needed ESI to verify email communications | 0.3 | $415 | $124.50 |
| 5/1/2025 | EJP | Continue working on discovery plan and potential ESI to verify email communications | 0.5 | $415 | $207.50 |
| 5/2/2025 | EJP | Email discovery plan to client and hold strategy session discussing potential opportunities to | 0.6 | $415 | $249.00 |

---

[2] These itemized fees are supported by the Declaration of Ryan D. Bohannon (attached as Exhibit 1) and, as sworn to therein, were paid or, in the case of the recent August 2025 invoice, will soon be paid by Conlan Tire. The actual attorney invoices are not being submitted due to attorney-client privilege, but can be provided for the Court's *in camera* review upon request. The Court's Order did not request briefing or argument regarding the reasonableness of these fees. Should the Court desire briefing, Conlan respectfully requests the opportunity to submit a principal brief and reply brief addressing the reasonableness of the requested fees and costs.

| Date | Attorney | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| | | verify email communications, cost, logistics, and other developments | | | |
| 5/2/2025 | RDB | Participate in conference with client and EJP re: ESI needed to find emails between Defendant and HR-1 | 0.6 | $350 | $210.00 |
| 5/5/2025 | CJP | Research to obtain Yahoo's required authorization form | 0.4 | $165 | $66.00 |
| 5/5/2025 | LJW | Calls with RDB regarding ESI discovery strategy and requests; draft discovery requests aimed at recovery of emails and Yahoo subpoena; research subpoenas to email providers and Yahoo's specific requirements | 2.3 | $325 | $747.50 |
| 5/5/2025 | RDB | Strategize with LJW re: ESI discovery requests and subpoenas; review and revise ESI requests; prepare letter to opposing counsel re: proposing ESI protocol and discovery | 1.8 | $350 | $630.00 |
| 5/5/2025 | CJP | Continue research to determine whether Yahoo's authorization form is a requirement and to obtain Yahoo's other required steps | 0.7 | $165 | $115.50 |
| 5/6/2025 | CJP | Draft subpoena to Yahoo for Defendant's email account | 0.4 | $165 | $66.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/6/2025 | CJP | Research for Yahoo's registered agent for service of subpoena | 0.2 | $165 | $33.00 |
| 5/6/2025 | CJP | Draft instruction letter to Yahoo | 0.3 | $165 | $49.50 |
| 5/6/2025 | EJP | Revise ESI protocol and discovery letter to opposing counsel and confer with RDB re: ESI discovery strategy | 0.3 | $415 | $124.50 |
| 5/6/2025 | LJW | Revise discovery requests and ESI protocols; analyze Yahoo subpoena consent form and required process; draft notice of Yahoo subpoena; coordinate final review and service of discovery requests and proposed ESI protocols; discuss discovery requests with RDB | 2.4 | $325 | $780.00 |
| 5/6/2025 | RDB | Revise discovery requests and ESI protocols; revise letter to opposing counsel re: proposal of ESI protocols and narrowed discovery searching for verification of signature and emails exchanging signature | 1.5 | $350 | $525.00 |
| 5/7/2025 | RDB | Emails with opposing counsel re: objections to ESI | 0.5 | $350 | $175.00 |
| 5/8/2025 | EJP | Confer with RDB re: request for discovery conference over ESI dispute and revisions to same | 0.5 | $415 | $207.50 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/8/2025 | RDB | Voluminous email correspondence with opposing counsel re: ESI discovery proposal; phone conference with opposing counsel re: same; confer with client and EJP re: needed Court intervention due to improper objections to ESI proposal; prepare request for Court conference on ESI discovery dispute | 4.2 | $350 | $1,470.00 |
| 5/9/2025 | EJP | Revise request for discovery conference over ESI discovery dispute | 0.4 | $415 | $166.00 |
| 5/9/2025 | LJW | Draft protocol for forensic device inspection; discuss forensic device inspection protocol with RDB; revise forensic device inspection protocol | 2.0 | $325 | $650.00 |
| 5/9/2025 | RDB | Work on ESI protocols; revise filing of request with Court re: discovery dispute; email to opposing counsel re: ESI protocols and proposed ESI order | 1.5 | $350 | $525.00 |
| 5/27/2025 | RDB | Conference with N1D in preparation for upcoming conference with Court and ESI requests | 0.4 | $350 | $140.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/28/2025 | EJP | Conference with RDB in preparation for discovery conference identifying strategic issues and approach to the Court over ESI dispute | 0.4 | $415 | $166.00 |
| 5/28/2025 | RDB | Prepare for discovery conference with the Court; confer with EJP re: strategy; prepare timeline of email communications over ESI proposals and communications with opposing counsel | 1.2 | $350 | $420.00 |
| 5/29/2025 | EJP | Confer with RDB in preparation for discovery conference strategy; conference with RDB re: results of discovery conference and strategy | 0.5 | $415 | $207.50 |
| 5/29/2025 | LJW | Revise Exhibit A to Yahoo subpoena, detailing email search protocol; draft email to RDB re: revisions to Yahoo subpoena and ESI protocol | 0.5 | $325 | $162.50 |
| 5/29/2025 | RDB | Attend discovery conference; update EJP and client re: summary of conference and next steps; work on ESI protocol for review of Yahoo by N1 Discovery; research and analyze Yahoo requirements for authorization for subpoena as discussed at | 5.9 | $350 | $2,065.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | conference per opposing counsel's concerns; conference with N1D re: capabilities for review of laptop and phone in attempting to search for emails or prove emails existed; email to opposing counsel re: ESI developments and findings of research and discussions with N1D | | | |
| 5/30/2025 | CJP | Based on opposing counsel's objections to Yahoo authorization form, conduct further internet research to confirm Yahoo requirements | 0.7 | $165 | $115.50 |
| 5/30/2025 | CJP | Finalize subpoena to Yahoo and Plaintiff's consent form and itemize Yahoo's requirements | 0.8 | $165 | $132.00 |
| 5/30/2025 | RDB | Revise all ESI protocols and emails to opposing counsel; analyze Stored Communications Act and email to opposing counsel re: his concerns about authorization form and Yahoo subpoena requirements; numerous calls with N1D re: technicalities and processes in preparation of search of Yahoo account and devices for evidence of email correspondence; call with | 2.0 | $350 | $700.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | opposing counsel re: developments; update EJP and client re: developments | | | |
| 6/2/2025 | RDB | Work on ESI protocol for laptop and cell phone; emails to opposing counsel re: same | 1.0 | $350 | $350.00 |
| 6/3/2025 | RDB | Call with opposing counsel re: ESI issues and revise draft protocols | 0.4 | $350 | $140.00 |
| 6/4/2025 | EJP | Review correspondence re: electronic discovery | 0.1 | $415 | $41.50 |
| 6/6/2025 | RDB | Email to opposing counsel re: ESI review | 0.2 | $350 | $70.00 |
| 6/9/2025 | RDB | Confer with Dallas ESI company re: mirror image of phone and tablet; email to opposing counsel re: developments | 0.4 | $350 | $140.00 |
| 6/11/2025 | RDB | Update discovery chronology re: attempts to obtain ESI | 0.5 | $350 | $175.00 |
| 6/24/2025 | EJP | Attend discovery conference in court; negotiate ESI discovery order for entry by court | 4.0 | $415 | $1,660.00 |
| 6/24/2025 | RDB | Attend conference in court and negotiate ESI protocol; email to N1D re: court order and protocol; email to opposing counsel re: Yahoo subpoena requirements for Defendant to follow | 4.5 | $350 | $1,575.00 |
| | | | | | $15,731.50 |

**Part II – ESI Forensic Inspection and Email Searches: $10,736.76**

This portion includes the costs of ESI inspection, vendor invoices, subpoena service, and attorney fees for reviewing results and attempting to follow-up with Defendant about those results and his failures to comply with the Court's ESI Orders:

### A. Vendor Costs[3]

| Date | Vendor/Description | Invoice No. | Amount |
|---|---|---|---|
| 5/30/2025 | Computer Forensic Services, Inc. | 8838 | $587.26 |
| 7/31/2025 | N1 Discovery, LLC | N1D11250 | $2,312.50 |
| 7/1/2025 | N1 Discovery, LLC | N1D11046RK | $5,325.00 |
| 5/30/2025 | N1 Discovery, LLC | N1D10919RET | $1,427.50 |
| 7/2/2025 | USA Process Service LLC | 1255 | $85.00 |
| | | | $9,737.26 |

### B. Attorney Fees for Review of Forensic Results

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/30/2025 | RDB | Ensure Defendant performed proper service on Yahoo; emails with opposing counsel re: same and asking Defendant to correct mistake | 0.2 | $350 | $70.00 |
| 7/1/2025 | RDB | Update client on e-discovery issues and N1D's work; emails to opposing counsel re: failure to comply with court order | 0.6 | $350 | $210.00 |

---

[3] The Court has already ordered Defendant to reimburse Conlan for about $3,500 of these vendor fees—another order Defendant has ignored to date. (*See*, ECF No. 30-2, PageID.593.)

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | and deadlines; emails with N1D re: phone calls with Defendant and developments to ensure compliance with Court order | | | |
| 7/7/2025 | RDB | Emails from Yahoo re: developments on subpoena response; confer with N1D re: ESI developments and outcomes | 0.3 | $350 | $105.00 |
| 7/9/2025 | RDB | Update from N1D re: ESI review; research Yahoo's retention policy for deleted emails that were subpoenaed; email from opposing counsel re: Defendant's cell phone | 0.4 | $350 | $140.00 |
| 7/10/2025 | RDB | Confer with EJP re: cross exam issues based on ESI developments and attempts to find email correspondence | 0.3 | $350 | $105.00 |
| 7/14/2025 | EJP | Confer with RDB re forensic discovery assumptions and possible inferences | 0.3 | $415 | $124.50 |
| 7/14/2025 | RDB | Analyze N1D's review of Yahoo account; follow-up emails with N1D re: analysis; email to client re: same | 0.7 | $350 | $245.00 |
| | | | | | $999.50 |

**Part III – Litigation of Spoliation Motion: $24,557.00**

This portion includes all attorney fees incurred in moving for sanctions when it became evident that Defendant had deleted emails, and costs involved in reviewing additional ESI reports regarding attempts to locate the deleted emails:

| Date | Attorney | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 7/16/2025 | EJP | Call with RDB re: N1D results of computer review and ChatGPT spoliation evidence | 0.4 | $415 | $166.00 |
| 7/16/2025 | RDB | Analyze N1D's investigation results; confer with EJP and client re: findings; research and analysis of case law re: motion for spoliation and sanctions | 1.3 | $350 | $455.00 |
| 7/16/2025 | STD | Strategize and research a motion for sanctions against Gonzales based upon spoliation of evidence/discovery abuses | 2.2 | $330 | $726.00 |
| 7/17/2025 | RDB | Work on motion for spoliation sanctions; email to opposing counsel re: seeking concurrence | 1.0 | $350 | $350.00 |
| 7/17/2025 | STD | Research and draft motion for sanctions and brief in support against Gonzales, based upon his admissions to ChatGPT about deleting relevant emails to avoid a court order and subpoena | 6.2 | $330 | $2,046.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/18/2025 | EJP | Call with RDB re: Yahoo results and developments | 0.2 | $415 | $83.00 |
| 7/18/2025 | RDB | Conference with opposing counsel re: motion for sanctions and settlement; confer with EJP re: same; email to STD re: key dates of discovery developments for motion for sanctions | 2.2 | $350 | $770.00 |
| 7/21/2025 | EJP | Conferences with RDB re: electronic discovery developments and arguments from opposing counsel | 0.4 | $415 | $166.00 |
| 7/21/2025 | RDB | Revise motion for sanctions; multiple emails to and from opposing counsel re: Defendant's claim of AEO designation on ChatGPT report; strategy call with EJP and STD; email update to client | 6.4 | $350 | $2,240.00 |
| 7/21/2025 | STD | Complete initial draft of motion for sanctions against Gonzales, and revise same consistent with RDB's review | 8.1 | $330 | $2,673.00 |
| 7/22/2025 | CJP | Prepare documents received from Yahoo's subpoena response for production to Defendant and forward to attorney Mack | 0.9 | $165 | $148.50 |
| 7/22/2025 | EJP | Revise brief on spoliation and for sanctions; conference with STD and RDB re: edits to facts | 1.7 | $415 | $705.50 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | and briefing strategy; revise correspondence to the Court re: request for conference about expediting hearing on spoliation motion; call with client re: case status and strategy | | | |
| 7/22/2025 | RDB | Final revisions to motion for sanctions; prepare email to Court requesting status conference for expediting spoliation motion and adjourning evidentiary hearing; call with client re: update on developments and strategy | 2.6 | $350 | $910.00 |
| 7/22/2025 | STD | Revise motion for sanctions and supporting materials | 2.8 | $330 | $924.00 |
| 7/23/2025 | EJP | Confer with RDB re: outcome of status conference and strategy | 0.2 | $415 | $83.00 |
| 7/23/2025 | RDB | Prepare for and attend conference with Court re: motion for sanctions; email update to client and EJP; prepare sections for Reply Brief on Defendant's harassment of N1D and claim that N1D violated Court Order; research Stored Communications Act and other claims to suppress N1D's report based on arguments of opposing counsel | 2.0 | $350 | $700.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/28/2025 | RDB | Analyze results from N1D's laptop search | 0.8 | $350 | $280.00 |
| 7/29/2025 | RDB | Emails with N1D re: requesting emails found from laptop search | 0.5 | $350 | $175.00 |
| 7/30/2025 | EJP | Confer with RDB re: interpretation of latest N1D data information and strategy for hearing | 0.4 | $415 | $166.00 |
| 7/30/2025 | RDB | Call with N1D re: search results; confer with S. Dutton re: reply brief preparation and investigation into N1D's search results; emails to and from opposing counsel re: ongoing discovery disputes over production of emails disclosed from laptop search | 1.3 | $350 | $455.00 |
| 7/30/2025 | STD | Review results of N1D's forensic investigation into Gonzales's laptop and finding of relevant emails; strategize possible additional avenues of questioning/discovery on spoliation issue due to opposing counsel's refusal to allow N1D to produce July 2022 relevant emails | 1.9 | $330 | $627.00 |
| 7/31/2025 | RDB | Emails to and from N1D and opposing counsel re: reports and needed emails; further investigate meaning and relevance of | 0.8 | $350 | $280.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | ESI reports showing July 2022 emails | | | |
| 8/2/2025 | RDB | Analyze Defendant's response brief; email to client re: same; work on reply brief; multiple conferences with S. Dutton analyzing and framing arguments for reply brief; confer with C. Kenrick and prepare C. Kenrick's supplement declaration and emails re: same; prepare Appendix for reply re: updated chronology of discovery violations | 6.5 | $350 | $2,275.00 |
| 8/2/2025 | STD | Review response to sanctions motion and draft reply in support of sanctions | 3 | $330 | $990.00 |
| 8/2/2025 | EJP | Revise reply brief and C. Kenrick declaration | 1.3 | $415 | $539.50 |
| 8/3/2025 | RDB | Work on reply brief | 5.5 | $350 | $1,925.00 |
| 8/3/2025 | EJP | Further revisions to brief; confer with RDB re: briefing issues and strategy | 0.50 | $415 | $207.50 |
| 8/4/2025 | RDB | Final work on reply brief; finalize C. Kenrick's declaration; prepare for hearing on motion for sanctions; confer with N1D and review produced July 2022 emails | 6.0 | $350 | $2,100.00 |
| 8/4/2025 | EJP | Reply brief revisions | 0.4 | $415 | $166.00 |
| 8/5/2025 | RDB | Prepare for and attend hearing on motion for | 3.5 | $350 | $1,225.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
|  |  | sanctions; update client about developments |  |  |  |
|  |  |  |  |  | $24,557.00 |

**Part IV – Continued Efforts to Locate Deleted Emails: $1,502.50**

This portion includes costs incurred after the Court's August 11, 2025 Order in continuing efforts to locate and recover the deleted emails, including numerous emails with opposing counsel about additional forensic work, expanded device searches, and attorney time coordinating ongoing discovery efforts:

| Date | Attorney | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 8/12/2025 | RDB | Analyze Court's Order re: spoliation and prepare email to opposing counsel re: discovery obligations and in attempt to recover deleted emails | 0.6 | $350 | $210.00 |
| 8/14/2025 | EJP | Review email correspondence with Mack and conference with RDB re: IT issues and discovery ordered by court in attempt to recover deleted emails | 0.3 | $415 | $124.50 |
| 8/14/2025 | RDB | Numerous emails with opposing counsel about necessary discovery to confirm recovery of deleted emails and counsel's attempt to broaden discovery beyond Court's Order | 0.5 | $350 | $175.00 |
| 8/19/2025 | RDB | Interview client's IT team to go over Court order and facts to date and | 1.2 | $350 | $420.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
|  |  | confirm details to understand technical aspects in advance of opposing counsel's expected requests for Court-permitted ESI to recover deleted emails |  |  |  |
| 8/27/2025 | RDB | Multiple emails with opposing counsel re: Court ordered discovery to recover deleted emails; analyze Gonzales's "confirmation of iPhone exchange" about missing iCloud backups, no devices, and explanation about 2022 devices | 0.4 | $350 | $140.00 |
| 8/28/2025 | EJP | Review emails re: electronic discovery as ordered by Court | 0.2 | $415 | $83.00 |
| 8/28/2025 | RDB | Numerous emails with opposing counsel re: scope of discovery under Court's order and attempting to obtain agreement to search device for deleted emails; analyze Plaintiff's new declaration and attachments | 0.8 | $350 | $280.00 |
| 8/29/2025 | RDB | Email to opposing counsel re: requested investigation on phone data | 0.2 | $350 | $70.00 |
|  |  |  |  |  | $1,502.50 |

## Summary of Costs

| Category | Amount |
|---|---|
| Part I - Efforts to Obtain Consent for Email Searches | $15,731.50 |
| Part II - ESI Forensic Inspection and Email Searches | $10,736.76 |
| Part III - Litigation of Spoliation Motion | $24,557.00 |
| Part IV – Continued Efforts to Locate Deleted Emails | $1,502.50 |
| **TOTAL AMOUNT REQUESTED** | **$52,527.76** |

WHEREFORE, Conlan Tire respectfully requests that this Court order Defendant Alec Gonzales to pay the total amount of $52,527.76 in costs and attorneys' fees as set forth in this Request for Attorneys' Fees and Costs for Initial Spoliation Sanctions.

Respectfully submitted,

Dated: September 8, 2025          By: */s/ Ryan D. Bohannon*
                                            Eric J. Pelton (P40635)
                                            Ryan D. Bohannon (P73394)
                                            Sean T.H. Dutton (P77515)
                                          Kienbaum Hardy
                                            Viviano Pelton & Forrest, P.L.C.
                                            280 N. Old Woodward Ave., Ste. 400
                                            Birmingham, Michigan 48009
                                            (248) 645-0000
                                            epelton@khvpf.com
                                            rbohannon@khvpf.com
                                            sdutton@khvpf.com

579786

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record.

/s/ Ryan D. Bohannon
Ryan D. Bohannon (P73394)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
rbohannon@khvpf.com