**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONLAN TIRE CO., LLC,

        Plaintiff/Counter-Defendant,        Case No. 4:25-cv-10701
                                                                 Hon. Shalina D. Kumar

v.

ALEC "A.J." GONZALES,

        Defendant/Counter-Plaintiff.
_____/

**ALEC GONZALES' MOTION FOR CLARIFICATION OF**
**THE COURT'S AUGUST 11, 2025 ORDER (ECF No. 38)**

_____

        Defendant/Counter-Plaintiff Alec "A.J." Gonzales ("Gonzales") seeks clarification of this Court's Order Regarding Plaintiff's Motion for Spoliation Sanctions (ECF No. 38). Gonzales seeks clarification of the provisions of the Court's Order which state: (1) "The Court awards Conlan all reasonable fees and costs (including attorneys' fees) incurred in litigating the existence of Gonzales' emails . . . "; (2) "Gonzales, at his own expense, may forensically inspect ESI related to Gonzales from Conlan and/or its associated human resources service provider from the Revised Relevant Period."; and (3) "the parties may depose Katie Chess of HR1 regarding her involvement with the paperwork connected to the hiring of Gonzales." (ECF No. 38, PageID.803-805) – the "paperwork" presumably being the alleged non-compete agreement in question.

As to (1), Conlan has submitted a "Request for Attorneys' Fees and Costs for Initial Court-Ordered Spoliation Sanctions", which per the Court's Order was to simply be a "bill of costs". (ECF No. 38, PageID.803). Instead, Conlan's filing contains misleading if not inaccurate argument and information and seeks fees and costs beyond apparent "litigating the existence of Gonzales' emails" – including costs which Gonzales has already paid. *Id.* Before responding to/objecting to Conlan's submission, Gonzales seeks clarification as to what the Court's Order contemplates to include fees and expenses "litigating the existence of Gonzales' emails". *Id*.

As to (2), Conlan has taken the position that, based upon the Court's Order, it will not allow and object to any discovery of ESI in the control and custody of Conlan which seeks information relevant to Gonzales' defenses in this case, - namely that Gonzales did not place the electronic signature in question on the relevant document, and that it was placed there by someone related to Conlan/HR1 and/or that Conlan was aware Gonzales did not personally sign the alleged agreement.[1] If Gonzales is correct that someone besides Gonzales placed the

---

[1] The Court's Order states that "*Gonzales* asserts that the signature on the Agreement appears to be an exact replica of two other signatures from Conlan's Offer Letter and Addendum 1A . . .". (emphasis added). In fact, it is *Conlan's* own expert that has opined the signature is not only "identical" but that it was "produced using a digital capture device", *i.e.* it was never physically signed by Gonzales as with all other documents in Gonzales' personnel file. See ECF No. 29-1, PageID.377, Conlan's Declaration of Erich Speckin.

digital signature on the document, or that Conlan was aware of this, it reasonable occurred or is evidenced by communications which would likely be created/present during the period between Gonzales was requesting a copy of his personnel file from Conlan, when Conlan sent cease and desist letters claiming to include a copy of the document (which they did not), and when the document first appeared – December of 2024 through the filing of this lawsuit on March 12, 2025. Accordingly, relevant discovery would include examination of Conlan's electronic files/emails during this period. The Court's Order does not, as Conlan now asserts, preclude this discovery.

    Finally, as to (3), Conlan has taken the position the Court's Order allowing Gonzales to depose Ms. Chess regarding her involvement with the paperwork connected to the hiring of Gonzales has to be limited to "questioning to the deleted emails, signature authentication, and directly related topics" and that Conlan will object and direct Ms. Chess "not to answer questions that attempt to exploit [Ms. Chess'] deposition to extract information about Conlan's 2025 IT systems or advance [Gonzales'] unfounded conspiracy theories", despite the fact that Ms. Chess apparently still works as a Coordinator for HR1 and did so throughout 2025. (See Exhibit 1, email exchange)[2]. Gonzales' defense that he did not place the

---

[2] Gonzales has repeatedly requested to schedule an hour deposition with Ms. Chess, going back to August 15th. Conlan's counsel would not respond or follow-up even

3

electronic signature on the document is not a conspiracy theory any more than Conlan's claim Gonzales deleted emails which would confirm he signed and returned the agreement in question.  Gonzales asserts that discovery concerning Conlan's electronic records system and record keeping, related retention, and communications regarding the alleged agreement in question during the period that Conlan was unable and/or refused to produce the alleged agreement (between December 2024 and March 12, 2025) are proper subjects of discovery and were not effectively barred by this Court's Order as Conlan asserts.

Counsel for Gonzales has sought concurrence in engaging in the discovery clarification in question from counsel for Conlan but concurrence was denied.  See Exhibit 1; Exhibit 2, August 27, 2025, Email Exchange.

WHEREFORE, Gonzales respectfully requests this Honorable Court to clarify its Order regarding the above-referenced topics and directives.

Respectfully submitted,

/s/ Zachary B. Mack
Zachary B. Mack (P62742)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 E. Main Street
Northville, MI 48167
248.679.8711
mack@spplaw.com

---

after providing dates they requested – only to yesterday finally propose dates later this month.  See Exhibit 2.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN TIRE CO., LLC,

       Plaintiff,

v.

ALEC "A.J." GONZALES,

       Defendant.

                                                  /

Case No. 4:25-cv-10701
Hon. Shalina D. Kumar

**BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION**
_____

       Gonzales has fully complied with the Court's Order of August 11, 2025 (and has even allowed Conlan to complete ESI discovery beyond the Court's Order) and now seeks to be able to respond to Conlan's request for reasonable attorney fees and costs, and to complete the discovery necessary to file his supplemental brief on October 20, 2025, required by the Order. To do so, Gonzales requests clarification of the Court's Order.

**Legal Authority**

       The Sixth Circuit has recognized motions to "clarify the scope" of a court's orders. *United States v. Riley*, 609 Fed. App'x 837, 841 n.2 (6th Cir. 2015) (noting if a party "were concerned only with clarifying the scope of the district Court's Order, it could have filed a motion for clarification with the district court"); see

also *Dixit v. Smith*, No. 2:21-cv-2602, 2023 WL 6367666, at *1, 2023 U.S Dist. LEXIS 176771, t *2 (W.D. Tenn. Sept. 29, 2023) ("Case law holds that the general purpose of a motion for clarification is to explain or clarify something ambiguous or vague in the court's order or judgment.") (internal quotation marks omitted); *United States v. Troutman*, No. 1:11-cr-471, 2022 WL 326523, at *1, 2022 U.S. Dist. LEXIS 20069, at *2 (N.D. Ohio Feb. 3, 2022) ("[A] motion for clarification is properly used to clarify the scope of a district court's prior order.").

## Conclusion

Gonzales has fully complied with the Court's Order regarding additional ESI discovery. Conversely, Conlan is now obstructing relevant discovery claiming the language of the Court's Order does not permit it. Conlan has also submitted a purported bill of costs which appears to clearly go well beyond the scope of the Court's Order. For Gonzales to properly respond to Conlan's "Request" for fees and costs Gonzales respectfully asks the Court to clarify its intent in stating what reasonable attorney fees and costs would be related to litigating the existence of the alleged emails in question.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>/s/ Zachary B. Mack<br>Zachary B. Mack (P62742)<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC<br>105 E. Main Street<br>Northville, MI 48167<br>248.679.8711 |
| Dated: September 10, 2025 | mack@sppplaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using this Court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ Zachary B. Mack
Zachary B. Mack (P62742)

7