UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN TIRE CO., LLC,

          Plaintiff,

v.

ALEC GONZALES,

          Defendant.

Case No. 25-10701
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER REGARDING DEFENDANT'S MOTION FOR CLARIFICATION (ECF NO. 40)**

I.    **Introduction**

Defendant Alec Gonzales ("Gonzales") moves for clarification of this Court's order regarding plaintiff Conlan Tire Co., LLC's ("Conlan") motion for sanctions under Federal Rule of Civil Procedure 37(e) for intentionally deleting electronically stored information ("ESI") from his Yahoo email account. ECF Nos. 32, 38. Gonzales's motion has been fully briefed, ECF Nos. 40, 41, 44, and the Court will resolve the motion without a hearing. E.D. Mich. LR 7.1(f).

II.    **Gonzales's Request for Clarification**

Gonzales's motion seeks clarification on three provisions of the Court's order regarding sanctions ("Order"). First, Gonzales seeks

explication of what the Court considers to be included in "litigating the existence of Gonzales's emails." ECF No. 40, PageID.856. Second, Gonzales believes the Order permits him to conduct discovery of Conlan's ESI from December 2024 through the date this action was filed. ECF No. 40, PageID.857. Conlan disagrees that the Order allows discovery for any period other than the Revised Relevant Period, defined by the order as July 1, 2022 through August 31, 2022. ECF No. 41. Finally, Gonzales seeks clarification for the scope of the deposition of Katie Chess. Gonzales believes that the Order permits him to ask Chess questions regarding Conlan's electronic records system and record keeping, related retention, and communications regarding the alleged agreement in question from December 2024 and March 12, 2025. Conlan again disagrees and has indicated it will object to such deposition questions and direct Chess not to answer questions about Conlan's 2025 IT systems. ECF No. 40.

### III.   Discussion

Gonzales's first request for clarification is a misplaced challenge to Conlan's request for attorneys' fees and costs. *See* ECF No. 39. The Court very clearly awarded Conlan attorneys' fees along with costs in the Order. See ECF No. 38, PageID.803. To the extent Gonzales believes the fees requested by Conlan are inappropriate, overbroad, inflated, or already paid,

his recourse would be to file objections to specific billing entries and provide argument for why they do not fit within the scope of "litigating the existence of Gonzales's emails."[1] ECF No. 38, PageID.803.

Gonzales's second request for clarification attempts to inject ambiguity where there is none. First, the Order explicitly limited the additional ordered discovery to the Revised Relevant Period, defined as July 1, 2022 to August 31, 2022. *Id*. ("All forensic inspection ordered herein shall be *for the Revised Relevant Period.*") (emphasis added); *Id*. at PageID.805 ("Gonzales…may forensically inspect ESI related to Gonzales from Conlan and/or its associated human resources service provider *from the Revised Relevant Period*.") (emphasis added). The Court should not need to clarify that the Order unmistakably does not allow discovery of Conlan's ESI from 2024 and 2025.

Gonzales's position that the Order permits him to conduct such discovery not only defies the plain language of the Order, but it also ignores the purpose of the additional discovery ordered. The Court determined that Gonzales intentionally deprived Conlan of information under Federal Rule of Civil Procedure 37(e), but ordered additional discovery to determine if

---

[1] In fact, Gonzales did just that 12 days after filing this motion for clarification. *See* ECF No. 42.

the lost information could still be retrieved before deciding Conlan's request for an adverse inference sanction as relief for Gonzales's spoliation. *See id*. Accordingly, the sole purpose of the ordered discovery is the potential recovery of Gonzales's deleted emails from July and August 2022. Gonzales's claim that the Order allows him to inspect Conlan's ESI from 2024 or 2025 is baseless.

Gonzales's belief that the Order permits him to question Ms. Chess about anything other than her direct "involvement with the paperwork connected to the hiring of Gonzales" is equally unfounded. *Id*. The Order's explicit language limits her deposition to Gonzales's onboarding *paperwork*, not ESI, Conlan's electronic records system, its record keeping, or related retention policies. *Id*. (emphasis added).

Nevertheless, the Order does not specifically limit the period about which Ms. Chess may be asked questions provided the questions pertain to Gonzales's onboarding paperwork. For example, if Ms. Chess's testimony reveals that she did not see a signed copy of Gonzales's Non-Solicitation and Confidentiality Agreement or any other onboarding document in 2022, Gonzales is permitted to ask follow-up questions regarding when, if ever, she did see a signed copy of that agreement or other document.

Finally, the Court notes that nothing in the Order prevents the parties from stipulating to broader discovery related to the motion for preliminary injunction. Moreover, the parties will have the opportunity to conduct full discovery in due course. *See* Fed. R. Civ. P. 16(b), 26(d)(1).

IV.    **Conclusion**

For the reasons discussed, Gonzales's motion for clarification is **DENIED.** The Order's unambiguous language does not support Gonzales's attempts to stretch the narrow scope of the additional discovery ordered.

**IT IS SO ORDERED.**

s/Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge

Dated: October 14, 2025