UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONLAN TIRE CO., LLC,

                    Plaintiff,

v.

ALEC GONZALES,

                    Defendant.

Case No. 25-10701
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS (ECF NO. 32)**

---

## I.      Introduction

Plaintiff Conlan Tire Co., LLC ("Conlan") moves this Court for sanctions under Federal Rule of Civil Procedure 37(e) against defendant Alec Gonzales ("Gonzales") for intentionally deleting electronically stored information ("ESI"), namely emails exchanging the Offer Letter and Non-Solicitation Agreement ("Agreement") executed by Conlan and Gonzales, from his Yahoo email account. ECF No. 32. After the Court heard extensive oral argument, the Court partially granted Conlan's motion, finding that Gonzales' conduct provided compelling evidence of intentional deprivation of information under Rule 37(e) and awarding Conlan its reasonable fees

(including attorneys' fees) and costs incurred in litigating the existence of Gonzales' emails. ECF No. 38.

The Court held in abeyance Conlan's other requests for relief—an adverse inference against Gonzales regarding the content of the deleted emails, and further fees and costs to Conlan for litigating the authenticity of Gonzales' signature on the Agreement—pending additional discovery to attempt recovery of the emails Gonzales deleted and/or the information contained therein. *Id*. As ordered, the parties submitted supplemental briefs on the outcome of that discovery and its implication on the portion of Conlan's motion held in abeyance. *Id*.; ECF Nos. 46, 47. That remaining issue is now ripe for decision.

## II.     Subsequent Discovery and Briefing

The Court ordered four categories of additional discovery: Gonzales' Yahoo emails from July 1 - July 9, 2022; production of all devices and access to electronic data storage accounts ("cloud accounts") used by Gonzales in 2022 and connected to his current cellphone; reciprocal discovery of Conlan's ESI; and the deposition of Conlan's HR coordinator, Katie Chess ("Chess"), regarding her involvement with the paperwork connected to the hiring of Gonzales. ECF No. 38.

A. Gonzales' Yahoo Emails from July 1 - July 9, 2022

Page 2 of 6

The expanded search of Gonzales' Yahoo account did not unearth emails exchanging the signed Agreement. However, it did yield emails between Gonzales and the recruiter working on Conlan's behalf, which attached and exchanged other executed pre-employment documents. *See* ECF No. 46-4. As Conlan argues, these emails are significant to the parties' dispute over the authenticity of Gonzales' signature on the Agreement because they refute Gonzales' declaration under oath that he completed and executed all onboarding documents in person at Conlan's Grand Prairie, Texas office. *See* ECF No. 35-2, ¶ ¶ 5-7. Indeed, Gonzales relies on this declaration to support his contention that he could not have signed the Agreement, which purportedly contains an electronic version of his signature, because he signed all onboarding documents in person.

B. Production of Devices used in 2022 and Access to all Cloud Accounts

Evidence of the signed Agreement was not found through this part of the ordered additional discovery. According to Conlan, no additional evidence was uncovered from this ordered discovery because Gonzales defied the Court's order by: (1) producing a laptop manufactured in 2024--not the one he would have used in 2022; (2) concealing a second iCloud account registered under Gonzales' name and phone number--which he

accessed multiple times in 2022, as well as during the course of this litigation; and (3) refusing to produce his current phone to allow access to the iCloud account to which it backs up.

C. Conlan's ESI

Gonzales declined to conduct a forensic exam of Conlan's ESI, however Conlan again reviewed its storage and systems and confirmed it no longer has emails from 2022. Accordingly, emails relating to the signed Agreement were not recovered from this discovery.

D. Deposition of Chess

Chess states that a new hire cannot receive a start date or begin employment without a signed Agreement, and that candidates outside of Michigan receive the Agreement via email. ECF No. 46-6, PageID.1136. Chess testified that the Agreement is handled by the HR manager, before she, as the HR coordinator, would be involved. *Id.*; ECF No. 46-5, PageID.1116. The HR coordinator's role begins only once the pre-employment documents, including the Agreement, have been completed and returned to the HR manager. ECF No. 46-6, PageID.1136. The HR manager records the receipt of these documents in internal HR software, which in turn, among other things, triggers the HR coordinator's duty to prepare and transmit a New Hire Packet to the work location of the new employee. *Id*. Chess attested to preparing such a packet for Gonzales and

sending it to Texas for him to complete upon starting his position with Conlan. *Id*. In sum, although Chess' testimony sheds light on Conlan's pre-employment and onboarding document exchange generally, it does not provide direct evidence on if, when, or how Conlan received the signed Agreement from Gonzalez because she was not the HR person who transmits or receives pre-employment documentation, including the Agreement.

### III.    Discussion

As the Court made clear in its earlier ruling, Gonzales' conduct regarding his Yahoo account provided compelling evidence of intentional deprivation of information under Rule 37(e); the supplemental briefing provides no reason to disturb that finding. *See* ECF No. 38. Whether the deleted emails or the information contained therein could otherwise be discovered was the only question preventing the Court from ruling on Conlan's requested relief for an adverse inference under Rule 37(e). *Id*. The Court is now satisfied that Gonzales' deleted emails "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). The Court is also persuaded that the deletion of the emails, the most relevant evidence related to whether Gonzales signed the Agreement—the lone disputed issue in this case—prejudiced Conlan. *See* Fed. R. Civ. P.

Page 5 of 6

37(e)(1). Accordingly, the Court will presume that the lost information was unfavorable to Gonzales and will instruct the jury that it may presume the information was unfavorable to him.

## IV. Conclusion

For the reasons discussed above and, in the Court's earlier order (ECF No. 38), the Court **GRANTS IN PART** Conlan's motion for sanctions (ECF No. 32). The Court will presume the deleted emails were unfavorable to Gonzales and will instruct a jury that it may also presume the deleted emails were unfavorable to him. As previously ordered, the Court awards Conlan all reasonable fees and costs (including attorneys' fees) incurred in litigating the existence of Gonzales' emails to be paid by Gonzales. Conlan shall submit a bill of costs by **March 31, 2026**. The Court **DENIES WITHOUT PREJUDICE** Conlan's motion to the extent it seeks further fees and costs for litigating issues relating to the authenticity of Gonzales' signature other than the deleted emails.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: March 10, 2026